UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X

ANGEL MARRERO, on behalf of himself and all others similarly situated,

        Plaintiff,

  - against -

BALL METAL BEVERAGE CONTAINER CORP.,

        Defendant.

------------------------------------------------------------------------X

1:25-cv-147 (AMN/PJE)

No.: ___ Civ. ___

**CLASS AND COLLECTIVE ACTION COMPLAINT**

Plaintiff Angel Marrero, on behalf of himself and all others similarly situated ("Plaintiff"), by and through his attorneys Kessler Matura P.C. and the Law Offices of Raphael A. Katri, complaining of Ball Metal Beverage Container Corp. ("Defendant"), alleges as follows:

## INTRODUCTION

1. Defendant is an international supplier of innovative and sustainable aluminum packaging solutions for beverage, personal care and household products, with a factory located in Saratoga Springs, New York. https://www.ball.com/our-company (last accessed Nov. 25, 2024).

2. Defendant pays Economic Value Added ("EVA") bonuses to their production employees to drive performance and encourage them to act like owners of the company. This bonus program provides employees with short-term incentives based on EVA generation and high-quality plant and team performance.

3. However, Defendant, without good cause, did not include EVA bonuses into employees' overtime rate calculation. As a result, Defendant did not lawfully provide its employees with the full value of their overtime wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the New York Labor Law ("NYLL"), Articles 6 and 19.

1

4. Additionally, Defendant had a history of automatically deducting 30 minutes per day from each employee's pay for meal breaks, even though employees routinely worked through their meal breaks or otherwise ate quickly while continuing to operate machines.

5. Plaintiff now brings the First Cause of Action, pursuant to Section 216(b) of the FLSA, on behalf of all individuals employed by Defendant as a Factory Worker at any time since January 31, 2023, who elect to opt-in into this action (the "Collective").

6. Plaintiff brings the Second and Third Causes of Action, pursuant to Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") on behalf of all individuals employed by Defendant as a Factory Worker at any time since January 31, 2019 (the "NYLL Class") (together with the Collective, the "Class" or "Class Members").

## **THE PARTIES**

*Plaintiff Angel Marrero*

7. Plaintiff Angel Marrero is an individual who resides in Saratoga County, New York.

8. Marrero was employed by Defendant as a Factory Worker from about May 2018 October 2022.

9. As a Factory Worker, Marrero was responsible for operating a "decorator machine" – he refilled ink cartridges, and checked for product defects every five minutes, after the machine completed a print or spray paint coating on a product.

10. At all times relevant to the Complaint, Marrero was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

11. At all times relevant to the Complaint, Marrero was an "employee" within the meaning of N.Y. Lab. Law §§ 190(2), 651(5).

*Defendant Ball Metal Beverage Container Corp.*

12. Upon information and belief, Defendant was and still is a foreign corporation, authorized to do business pursuant to the laws of the State of New York.

13. Defendant's principal place of business is located in Westminster, Colorado.

14. Defendant's headquarters are located in Westminster, Colorado.

15. Defendant is incorporated in Colorado.

16. Throughout the relevant period, Defendant has operated a manufacturing building located at 11 Adams Road, Saratoga Springs, NY 12866 ("Saratoga Springs Facility").

17. Defendant employed Class Members, including Plaintiff, at the Saratoga Springs facility.

18. Until about August 2023, Defendant operated another manufacturing building located 95 Ballard Road, Middletown NY, 10941 ("Middletown Facility").

19. Defendant employed Class Members at the Middletown Facility.

20. Defendant closed the Middletown Facility in about August 2023, which resulted in ending the employment of 143 individuals from the facility.

21. Defendant maintained control, oversight, and direction over its operations and employment practices.

22. At all times hereinafter mentioned, Defendant was and still is an "employer" within the meaning of 29 U.S.C. § 203(d).

23. At all times hereinafter mentioned, Defendant was and still is an "employer" within the meaning of N.Y. Lab. Law §§ 190(3), 651(6).

24. At all times hereinafter mentioned, Defendant employed employees, including Plaintiff, who regularly engaged in commerce or in the production of goods for commerce or in

handling, selling or otherwise working on goods and materials which have moved in or been produced for commerce within the meaning of 29 U.S.C. §§ 203(b), (g), (i), (j), (r) & (s).

25. Defendant's annual gross volume of business is not less than $500,000 within the meaning of 29 U.S.C. § 203(s)(A)(ii).

## **JURISDICTION**

26. Jurisdiction of the Court over this controversy is based upon 29 U.S.C. § 201, et seq., 28 U.S.C. §§ 1331 and 1337.

27. This Court has jurisdiction over all state law claims brought in this action pursuant to 28 U.S.C. § 1367.

28. This Court also has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 and the Class Action Fairness Act.

29. Upon information and belief, there are Class Members who are citizens of states other than Defendant.

30. Plaintiff seeks backpay and an additional amount equal to the 100% of the Class's unpaid wages, pursuant to the FLSA and NYLL.

31. The amount in controversy for Plaintiffs and the Class Members exceeds $5,000,000, exclusive of interest and costs.

## **VENUE**

32. Defendant does business in Saratoga Springs, New York.

33. As outlined below, the work performed by the Class and failure to pay wages, which give rise to the action, occurred in Saratoga County, New York.

34. Accordingly, this action properly lies in the Northern District of New York, pursuant to 28 U.S.C. § 1391.

## FLSA COLLECTIVE ACTION CLAIMS

35. Plaintiff seeks to proceed as a collective action with regard to the First Cause of Action, pursuant to 29 U.S.C. § 216(b) on behalf of himself and the following class of persons:

> All non-exempt, hourly-paid Factory Workers employed by Defendant at any time in the three years prior to the filing of this Complaint who were paid EVA bonuses and worked over 40 hours in a workweek (the "FLSA Collective").

36. Upon information and belief, there are more than 300 current and former employees that are similarly situated to Plaintiff who were denied proper overtime wages.

37. Plaintiff represents other employees and is acting on behalf of Defendant's current and former employees' interests as well as his own interests in bringing this action.

38. Defendant unlawfully failed to pay Plaintiff and the FLSA Collective the full value of their overtime wages and failed to pay them for working through meal breaks.

39. Defendant was aware or should have been aware that the law required it to pay Plaintiff and the FLSA Collective overtime wages inclusive of non-discretionary bonuses.

40. The FLSA Collective is readily identifiable and locatable through the use of Defendant's records. The FLSA Collective should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b).

## CLASS ACTION ALLEGATIONS

41. Plaintiff brings the Second, Third, and Fourth Causes of Action on behalf himself and as a class action, pursuant to Fed R. Civ. P. 23(a) and (b), on behalf of the following class of persons:

> All non-exempt, hourly-paid Factory Workers employed by Defendant at any time in the six years prior to the filing of this Complaint (the "Class").

42. The persons in the Class are so numerous that joinder of all members is impracticable. Although, the precise number of such persons is unknown, and facts on which the calculation of that number can be based are presently within the sole control of Defendant.

43. Upon information and belief, the size of the Class exceeds 600.

44. This matter is properly maintainable as a class action under Rule 23(b)(3). There are questions of law and fact common to the Class that predominate over any questions solely affecting individual members of the putative Class, including but not limited to:

   a. whether Defendant failed to pay overtime wages at the proper rate inclusive of EVA bonuses;

   b. whether Defendant improperly deducted meal breaks from employees' pay when employees worked through those breaks; and

   c. whether Defendant's failure to pay Plaintiff and the Class all earned wages due to them resulted from a reasonable, good-faith belief that its payment payroll practice complied with the NYLL.

45. Plaintiff fairly and adequately protects the interests of the Class and has no interests antagonistic to the Class.

46. Plaintiff is represented by attorneys who are experienced and competent in both class-action and employment litigation.

47. A class is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage-and-hour litigation where an individual plaintiff lacks the financial resources to vigorously prosecute a lawsuit in court against the corporate defendant. The damages sustained by individual class members are small, compared to the expense and burden of individual prosecution of this litigation. Class action treatment will obviate unduly duplicative litigation and the possibility of inconsistent judgments.

48. Further, Plaintiff and the Class have been equally affected by Defendant's failure to pay proper wages.

49. Members of the Class still employed by Defendant may be reluctant to raise individual claims for fear of retaliation.

50. Plaintiff's claims are typical of those of the Class. Plaintiff and the other Class Members were subjected to Defendant's policies, practices, programs, procedures, protocols, and plans alleged herein concerning the failure to pay proper wages. Plaintiff's job duties are typical of those of the class members.

## **COMMON FACTUAL ALLEGATIONS**

51. Plaintiff and the Class Members are victims of Defendant's common policy and plan that violated their rights under the FLSA and NYLL by failing to include EVA bonuses in overtime calculations and under the NYLL for failing to pay for working through a meal break.

52. Plaintiff and Class Members worked in Defendant's factories in Saratoga Springs and Middletown, New York.

53. Defendant's unlawful conduct has been widespread, repeated, and consistent.

54. Plaintiff and the Class Members are victims of Defendant's common policy and plan that violated their rights under the NYLL by paying Class Members non-discretionary bonuses, Defendant did not include the non-discretionary bonus into the Factory Worker's overtime rate calculation.

55. For example, on February 18, 2022, Defendant paid Plaintiff an EVA bonus of $3,274.89. Defendant, however, did not pay him any additional overtime wages for the increase in value to his regular rate that resulted from issuing this payment.

56. Plaintiff and Class Member regularly worked overtime.

57. Plaintiff and Class Members regularly worked four or five shifts per week at about 12 hours each. For example, during the workweek ending on March 20, 2022, Plaintiff was paid for 57.57 hours of work. And, during the workweek ending on February 7, 2020, Plaintiff was paid for 48.97 hours of work.

58. Class Members are not exempt from the overtime provisions of the FLSA or NYLL.

59. Defendant was or should have been aware that the FLSA required that such non-discretionary incentive payments and bonuses must be included in an employee's regular rate of pay for overtime purposes.

60. Defendant was or should have been aware that the NYLL required that such non-discretionary incentive payments and bonuses must be included in an employee's regular rate of pay for overtime purposes.

61. This is particularly true, considering Defendant's size and sophistication.

62. Defendant were or should have been aware that the NYLL required that employees be compensated for unpaid meal periods when employees worked through their unpaid meal breaks.

63. Defendant's facilities were factories dependent on continued operations of the various work lines.

64. Plaintiff, for example, worked on the Decorator Line. If there were not enough individuals working on the line at a given time, production would shut down. Shutting down a line could lead to employee discipline.

65. Plaintiff, and his coworkers, regularly worked through their meal breaks or were otherwise required to take shorter breaks to keep the lines running.

66. Plaintiff regularly worked through two to three unpaid meal breaks a week.

67. Defendant, however, did not pay for such time because the company had a policy of automatically deducting for this time.

68. In 2020 and 2021, because of the Covid pandemic, staffing issues became heightened because of concerns about illnesses. As a result, break times were stretched out and there were constant staffing issues – resulting in Class Members working through meal breaks because there was less time to take breaks and less employees to sub in for a breaking worker.

69. Plaintiff had complained to the Plant Manager about this issue. In response, Plaintiff's Supervisor, the Plant Manager's subordinate, reprimanded Plaintiff for complaining to the Plant Manager. The Supervisor was not concerned about Plaintiff or his coworkers working through their meals, instead he was concerned that Plaintiff complained about this to the Plant Manager.

70. At all times relevant, Defendant's unlawful policy and pattern or practice has been either willful or in the absence of good faith.

71. Defendant's unlawful conduct has been widespread, repeated, and consistent.

72. Upon information and belief, Defendant has employed the same wage-payment, bonus, and time-keeping structures at both facilities.

73. Although Plaintiff worked primarily on the Decorator Line, he was also cross-trained to work other lines. He was not able to take all of his unpaid meal breaks regardless of which line he was working.

## **FIRST CAUSE OF ACTION**
**FLSA – Overtime Wages**
**(Brought on behalf of Plaintiff and the FLSA Collective)**

74. Plaintiff incorporates by reference all preceding allegations.

75. Plaintiff and members of the FLSA Collective are employees entitled to be paid at an overtime rate that was inclusive of their EVA bonus.

9

76. Defendant employed Plaintiff members of the FLSA Collective for workweeks in which Plaintiff and members of the FLSA Collective were not paid at an overtime rate inclusive of a non-discretionary bonus by the FLSA.

77. Plaintiff has expressed his consent to make these claims against Defendant by filing a written consent form, pursuant to 29 U.S.C. § 216(b). *See* Ex. A ("Consent").

78. Defendant failed to make a good faith effort to comply with the FLSA with respect to compensating Plaintiff and the FLSA Collective.

79. Because Defendant's violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

80. As a consequence of the willful underpayment of wages, alleged above, Plaintiff and members of the FLSA Collective incurred damages thereby and Defendant is indebted to them in the amount of the unpaid minimum wages, together with interest, liquidated damages, attorneys' fees, and costs in an amount to be determined at trial.

### SECOND CAUSE OF ACTION
### NYLL – Overtime Wages
### (Brought on behalf of Plaintiff and the Class)

81. Plaintiff incorporates by reference all preceding allegations.

82. Plaintiff and Class Members are employees entitled to be paid no less than the applicable overtime wage.

83. Defendant employed Plaintiff and Class Members for workweeks in which Plaintiff and Class Members were not paid at an overtime rate inclusive of a non-discretionary bonus by the NYLL.

84. By the course of conduct set forth above, Defendant violated N.Y. Lab. Law § 650, *et seq.*; 12 N.Y.C.R.R. §§ 142-2.1, 2.9.

85. Defendant had a policy and practice of refusing to pay the proper overtime wage.

86. Defendant's failure to pay overtime compensation at the proper rate to Plaintiff and the Class was willful or otherwise lacked sufficient good faith within the meaning of N.Y. Lab. Law § 663.

87. As a consequence of the willful underpayment of wages, alleged above, Plaintiff and Class Members incurred damages thereby and Defendant is indebted to them in the amount of the unpaid wages and such other legal and equitable relief due to Defendant's unlawful and willful conduct, as the Court deems just and proper.

88. Plaintiff, on behalf of himself and the Class, seek recovery of liquidated damages, attorneys' fees, and costs to be paid by Defendant as provided by the NYLL.

### THIRD CAUSE OF ACTION
### NYLL – Unpaid Regular Wages
### (Brought on behalf of Plaintiff and the Class)

89. Plaintiff incorporates by reference all preceding allegations.

90. Defendant automatically deducted 30 minutes per day from Plaintiff's and Class members' pay for meal breaks.

91. During this time period, Plaintiff and Class members routinely worked through their meal breaks or ate quickly while continuing to operate machines.

92. The NYLL requires employers to compensate employees for all hours worked, including work performed during meal periods.

93. By automatically deducting 30 minutes of pay while knowing that employees were working through meal breaks, Defendant violated the NYLL's minimum wage and overtime requirements.

94. Defendant's failure to pay Plaintiff and the Class for all hours worked was willful within the meaning of N.Y. Lab. Law § 663.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff seeks the following relief:

a. The Court, at the earliest possible time, certify this case as a collective action, authorize the issuance of notice to the Collective, and permit putative Collective members to opt into this action;

b. Certification of this case as a class action pursuant to Rule 23;

c. Designation of Plaintiff as the class representative, and counsel of record as class counsel;

d. Unpaid wages that were unlawfully deducted, reduced, and withheld pursuant to the FLSA, NYLL and the supporting Minimum Wage Order;

e. Liquidated damages;

f. Pre-judgment interest and post-judgment interest as provided by law;

g. Appropriate equitable and injunctive relief to remedy violations;

h. Attorneys' fees and costs of the action;

i. A declaratory judgment that the practices complained of are unlawful;

j. A reasonable incentive award for Plaintiff to compensate him for the time he spent and for the risks she took attempting to recover wages for the Class;

k. Any other injunctive and equitable relief as this Court deems just and proper; and,

l. Such other relief as this Court deems just and proper.

Dated: Melville, New York
January 31, 2025

                                                  Respectfully submitted,

                                                  /s/ Troy L. Kessler
                                                  Troy L. Kessler

                                                  **KESSLER MATURA P.C.**
                                                  Troy L. Kessler (#702019)
                                                  Jocelyn Small (#704306)
                                                  534 Broadhollow Road, Suite 275
                                                  Melville, NY 11747

Telephone: (631) 499-9100
tkessler@kesslermatura.com
jsmall@kesslermatura.com

**LAW OFFICES OF RAPHAEL A. KATRI**
Raphael Katri (#702175)
8549 Wilshire Blvd., Ste. 200
Beverly Hills, CA 90211
Telephone: (310) 940-2034
rkatri@gmail.com

*Attorneys for Plaintiff and the*
*Putative FLSA Collective and Class*

13

# **Exhibit A**

**CONSENT TO BECOME A PARTY-PLAINTIFF**

1. I consent to be a party plaintiff in a lawsuit against my current/former employer, Ball Metal Beverage Container Corp. and/or any related entities, for alleged violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and any applicable state law.

2. During the past three years, there were occasions when I worked for Ball Metal Beverage Container Corp., I was not paid all overtime wages in accordance with the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*

3. I designate the named Plaintiff and Plaintiff's counsel, Kessler Matura P.C., to represent me and make decisions on my behalf concerning the litigation, including any settlement. I agree to be bound by any adjudication, whether it is favorable or unfavorable.

4. I also consent to join any separate or subsequent action to assert my claims against Ball Metal Beverage Container Corp. and/or any related entities potentially liable.

Date: 01 / 30 / 2025

Signature

Print Name: Angel Marrero